Shackelford, J.,
delivered the opinion of the Court.
This is a bill filed by complainants against the defendant, R. M. Cobb, as the guardian of Margaret Howell. In the year 1862, he was appointed, by the County Court of Knox, the guardian, and entered into bond, with the complainants as his sureties. As guardian, he received, in December, 1862, into his hands, $1,000, and *105 in August, 1868, $800. He has made no settlement of his accounts as guardian, or return of the amount that came into his hands, as required by law. He had but a few days previous to the filing of the bill in this case, conveyed his real and personal property to trustees, to secure the payment of individual creditors — not including the debt for which complainants were sureties. The object and purpose was to avoid the effect of certain attachment suits pending against him. The equities in the property conveyed, were much more than sufficient to pay the debt included. The defendant had refused too make any effort to release or secure complainants. An attachment was prayed for and awarded, and the equitable interest attached.
The bill was demurred to, and the demurrer allowed by the Chancellor. The complainants have appealed to this Court. In allowing the demurrer to the bill, we think the Chancellor erred. Independent of the Statutory provision, authorizing sureties to sue out attachments, without first paying the debt of their principal, a Court of Chancery has original jurisdiction to grant relief in cases of sureties of debtors and others. Justice Story, in his Equity Jurisprudence, Vol. 2, Par. 849, says: “Another case of the application 'of the remedial justice of Courts of Equity, by a bill quia timet, is in case of sureties and debtors, and others. We have already seen, that if a surety, after the debt has become due, has any apprehension of loss or injury from the delay of the creditor, he may file a bill of this sort, to compel the debtor to discharge the debt or other obligation, for which the surety is responsible.” This is a well settled principle in equity jurisprudence. This *106 suVety is not required to wait the action of the creditor, if he believes himself in jeopardy: he has the right to come into a Court of Equity against the debtor for his indemnity. In the case of Rans augh vs. Hayes, 1 Bur. R., 190, “the Court will, although the ' surety is not troubled or molested for the debt, yet at any time after the money becomes due on the original bond, this Court will decree the principal to discharge the debt; it being unreasonable that a man should always have such a cloud hanging over him.” This principle was recognized in New York, 2 Johnson’s Chancery Reports, King vs. Baldwin, 564, in which it was held, the surety had the right, on the day the debt was due, to come into Chancery and insist on its being put in suit. The same principle was settled in 4 Johnson’s Chan. Reports, Hays vs. Ward, 3 Merratoles, 579. It is a principle founded in equity and justice, and accords with the principles of common sense and natural equity of mankind. It is insisted the complainants had unembarrassed remedy in the County Court, by having the guardian removed. Upon an application to that Court, it would be the duty of the Court to remove him, but it would not relieve the complainants from the obligations of the bond for which they are the sureties. That Court has no power to enforce the payment of the money from the defendant; and the guardian appointed would have to seek the aid of a Court of Chancery, or a Court of Law, upon the bond, by suit against the guardian and his securities. The object and purpose of the bill is, to evoke the aid of the Court of Chancery, to secure indemnity to them as securities; and under the well settled principles - of Chancery jurisprudence, they are *107 entitled to it. The defendant having' conveyed and covered up his property, and having an equitable estate or equity existing in his property, an attachment was the proper remedy to attain the justice of the case, and enforce their claim. Section of the Code, 8457, gives to the surety his right of action against the principal, before the debt is due. Section 3448 provides, no final decree shall be rendered until the debt is due. Section 3459 provides, if the principal will give security, or indemnify him, the attachment shall be discharged. Construing these Sections of the Code with the general principles governing a Court of Chancery, we are of opinion the complainants are entitled to relief. The surety has a right to come into a Court of Chancery to have indemnity; and unless the defendant gives the security satisfactory to the Court, to indemnify the complainants, they have the right to ask a decree to sell the property attached; and it is the duty of the Court to order a sale, and make such application of the funds as will effect the object and purpose sought by the bill.
The decree of the Chancellor will be reversed, and the cause remanded for proper proceedings in the Chancery Court.